UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMIAH BEN SCHMIDT,<br><br>            Plaintiff,<br><br>    v.<br><br>CASSIA COUNTY SHERIFF'S OFFICE; CPL. DAKOTA JENNINGS; DEPUTY PAIGE; SGT. JENIFER LEE; and DEPUTY WEST,<br><br>            Defendants. | Case No. 4:24-cv-00426-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Jeremiah Ben Schmidt's Complaint because of Plaintiff's status as an inmate. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Having reviewed the record, the Court enters the following Order permitting Plaintiff to proceed on some of the claims in the Complaint.

1.      **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**2.      Factual Allegations**

Plaintiff is an inmate in the custody of Cassia County, currently held in the Mini-Cassia Criminal Justice Center. Plaintiff asserts that he has been subjected to unconstitutional conditions of confinement. (*Compl.*, Dkt. 3, at 3–11).

Plaintiff alleges that Defendants Jennings, Paige, and West, all of whom are Cassia County Sheriff's Department employees, placed Plaintiff in a cell with a violent inmate knowing that the inmate had threatened to attack anyone who was placed in the cell with him. Plaintiff was indeed attacked by his cellmate, suffering injuries. Plaintiff also alleges that Defendant Sergeant Lee refused Plaintiff pain medication after the attack. In addition to the individual Defendants, Plaintiff also sues the Cassia County Sheriff's Office.

3.  **Discussion**

    A.  *Standards of Law*

    Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

    Jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

    However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205-09 (internal quotation marks omitted).

    To bring a § 1983 claim against a local governmental entity such as the Custer County Sheriff's Office, a plaintiff must allege that the execution of an official policy or unofficial custom

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

It is unclear whether Plaintiff was a pretrial detainee or a convicted inmate at the time Plaintiff's claims arose. The standards of law applicable to inmates' conditions-of-confinement claims differ depending on this distinction.

If Plaintiff was a pretrial detainee, then his claims must be analyzed under the Due Process Clause of the Fourteenth Amendment. That clause is violated when the conditions to which a pretrial detainee is subjected amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Conditions-of-detention claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

Although the Court uses an objective standard in evaluating conditions-of-confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. This is because negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071; *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Therefore, a pretrial detainee

complaining of unconstitutional conditions of detention must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

If Plaintiff was a convicted inmate at the times relevant to his claims, then the Eighth Amendment provides the appropriate analysis. That amendment protects prisoners against cruel and unusual punishment and guarantees the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, though prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347; *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As for the objective prong of the analysis, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*,

475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see Whitley*, 475 U.S. at 319 ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (internal quotation marks and alteration omitted).

With respect to the subjective prong of an Eighth Amendment violation, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d 1060. Moreover, even prison officials who *did* actually know of a substantial risk to inmate health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

If an inmate faces a "threat of serious harm or injury" from another inmate, prison officials who act with deliberate indifference to that threat are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986); *see also Farmer*, 511 U.S. at 833 ("Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent,

conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course.") (internal citation and alterations omitted). Deliberate indifference in the context of a failure-to-protect claim does not require that a prison official knew the plaintiff "was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer*, 511 U.S. at 843. However, the deliberate indifference standard *does* mean that even an obvious and substantial risk of assault by one inmate against another does not result in liability so long as the defendant official was not subjectively aware of that risk. *Id*. at 844.

The Eighth Amendment includes the right to adequate medical treatment in prison. Prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted). Medical malpractice or negligence does not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam).

      **B.**    *The Complaint States Plausible Eighth Amendment or Due Process Conditions-of-Confinement Claims Against the Individual Defendants*

Plaintiff's Complaint, liberally construed, appears to state colorable failure-to-protect claims, under either the Due Process Clause or the Eighth Amendment, against Defendants Jennings, Paine, and West. These Defendants were allegedly aware that Plaintiff's cellmate posed

a substantial risk to Plaintiff and yet decided to house Plaintiff with him anyway. These allegations are sufficient for Plaintiff to proceed at this early stage of litigation.

The Complaint also states a plausible claim of inadequate medical treatment—again, under either the Due Process Clause or the Eighth Amendment—against Defendant Lee, based on Lee's alleged refusal to provide Plaintiff with pain medication.

Therefore, Plaintiff will be permitted to proceed on his § 1983 claims against the individual Defendants.

### C.  *The Complaint Fails to State a Plausible § 1983 Claim Against the Cassia County Sheriff's Office*

The Complaint fails to state a claim upon which relief may be granted against the Cassia County Sheriff's Office. There is nothing in the Complaint to plausibly suggest that Cassia County has a policy, custom, or practice of failing to protect inmates from assault or of providing inadequate medical treatment to inmates, as required by *Monell*. Consequently, Plaintiff's claims against the Cassia County Sheriff's Department must be dismissed.

### 4.  Request for Appointment of Counsel

Plaintiff also seeks appointment of counsel. (*Compl.* at 2). Because Plaintiff is not proceeding in forma pauperis, appointment of pro bono counsel is not appropriate. Plaintiff is encouraged to seek his own counsel on a paid or contingency fee basis.

## CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's claims will be successful. Rather, it merely finds that some are plausible, meaning that the claims will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

Plaintiff will be responsible for serving a summons and the Complaint upon Defendants by formal service of process or by obtaining signed waivers of service of summons from each Defendant or their counsel. Plaintiff must do so within ninety (90) days. If he does not, his claims against unserved Defendants will be dismissed without prejudice, after notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

## ORDER

**IT IS ORDERED:**

1. Plaintiff's request for appointment of counsel (contained in the Complaint) is **DENIED**.

2. Plaintiff may proceed on his conditions-of-confinement claims, as set forth above, against Defendants Jennings, Paige, West, and Lee. All other claims are **DISMISSED**, and the Cassia County Sheriff's Office is **TERMINATED** as a party

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Complaint under § 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to § 1915A and may be filed only in extraordinary circumstances.

to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[2]

3. This Order serves as formal notice that Plaintiff must complete one of the two following actions, as to each Defendant, within ninety (90) days:

    a. <u>Formal Service of Process</u>:

        i. To obtain a summons from the Clerk of Court, Plaintiff must file a "Request for Issuance of Summonses," which must provide the names and service addresses of each Defendant to the Clerk of Court. Thereafter, the Clerk of Court will prepare and issue the summonses and provide them to Plaintiff.

        ii. Plaintiff must serve a summons and a copy of the complaint upon each Defendant by formal service of process, *see* Federal Rule of Civil Procedure 4(c). Simply mailing the complaint to the defendants or their lawyers is not sufficient service of process.

        iii. If Plaintiff chooses to use formal service of process, it must be accomplished pursuant to Rule 4(c), including by a person qualified according to Rule 4(c)(2).

---

[2] Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11

    iv. Immediately after service, the person serving the summons and complaint must file a "Return of Service" with the Clerk of Court to show the date, time, manner of service, and person upon whom the documents were served. If this document is not filed during or immediately after the ninety-day service deadline, the complaint will be dismissed without prejudice.

 b. <u>Waiver of Service of Summons</u>:

    i. Alternatively, Plaintiff can obtain "Waiver of Service of Summons" forms by requesting them from the Clerk of Court.

    ii. Plaintiff can prepare and send to each Defendant (not their attorney) a completed waiver form and a copy of the complaint, following Rule 4(d). Plaintiff must enter the date the waiver is being sent to the Defendant on each form before sending the waiver. The Defendant then has thirty (30) days from the date entered on the form to sign and file the waiver if they choose to waive service. Defendants are not required to waive service.

    iii. Plaintiff must send out the waivers of service exactly as specified in Rule 4(d).

    iv. If a defendant chooses to waive service, then the defendant will file the waiver of service of summons with the Clerk of Court, and the defendant is obligated to file an answer or permissible pre-answer motion, or the defendant may be subject to entry of default.

       v.       If a defendant does not agree to waive service and does not file the waiver of service within the deadline, then the Plaintiff must use formal service of process (see above) to serve each Defendant according to Rule 4 within ninety (90) days after issuance of this Order. If Plaintiff needs an extension of time to accomplish formal service of process after defendants fail to return waivers of service, then Plaintiff must file a "Motion for Extension of Time for Service under Rule 4(m)."

4. If Plaintiff does not accomplish formal service of process or ensure that a signed waiver of service of summons for each defendant has been filed by the defendant within ninety (90) days after issuance of this Order, all claims against any unserved Defendants will be subject to dismissal without prejudice, with or without additional notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

5. After Defendants appear, the Court will issue an order governing the pretrial schedule in this case, including disclosure and discovery. *See* General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019).

6. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

7. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

8. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

9. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

10. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

11. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14

previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: December 9, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge